Comstock v. Eastwood.

---

COMSTOCK, *Appellant*, v. EASTWOOD *et al.*

DIVISION TWO.

1. **Military Bounty Land**: ADVERSE POSSESSION: STATUTE OF LIMITATIONS. Adverse occupation of military bounty land for the period of two years is sufficient under the statute not only to bar a recovery by any other claimant, but to vest the title in the occupant. (R. S. 1879, sec. 3219.)

2. **Limitations**: EJECTMENT. Ejectment may be maintained upon a title acquired by adverse possession.

3. ———: ADVERSE POSSESSION. In order to create the bar of the statute of limitations it is necessary to show that the possession was adverse; that is, that the possessor intended to disseize all others not in privity with him, and to hold and claim the property exclusively as his own.

108   41
60a 327.
108   41
168   4561

4. ———: ———: NOTICE. If the possession in its inception is friendly, then it cannot be converted into one of hostility by a mere mental intention. Some notice or act indicative of an intent to disseize is necessary.

5. Abandonment: INTRUSION. The abandonment of leased premises by a tenant does not give license to any intruder to enter therein and claim the right of possession.

6. ———: ———. The application of this principle to the circumstances of this case *held* to have been properly made by the trial court.

7. Estoppel: PARTIES TO SUIT, INCONSISTENT POSITIONS OF. The doctrine of estoppel, that no party to a suit will be permitted to occupy inconsistent positions, applies solely to inconsistent positions in the same suit or proceeding, and not to different ones, unless the second suit grows out of a judgment in the first.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. W. Mullins* for appellant.

(1) The title to land, occupied and held adversely by a party or his tenant, under color of title and claim of right for the statutory period of limitations, vests absolutely in such claimant. *Biddle v. Mellon*, 13 Mo. 335; *Fugate v. Pierce*, 49 Mo. 441; *Barry v. Otto*, 56 Mo. 177; *Fulkerson v. Mitchell*, 82 Mo. 13. And such title may be relied on for the recovery of the land as well as invoked as a defense. *Gardner v. Terry*, 99 Mo. 523, 526; *Barry v. Otto, supra.* (2) As shown by the record in this case the tract of land in question is military bounty land, and the statute of limitation of two years was applicable to it. G. S. 1865, ch. 191, sec. 1, pp. 745–6; 2 Wag. Stat. 1872, p. 915; 1 R. S. 1879, sec. 3219, p. 543; *Cooper v. Ord*, 60 Mo. 420. (3) Upon the sale and conveyance of the land by Hyde and the assignment of the lease by him to Comstock, the plaintiff Comstock took the place and acquired the rights of Hyde, the original landlord. In other words, he became landlord as fully as though the

Comstock v. Eastwood.

lease had been made by himself to Longsdorff. Wood's Land. & Ten., sec. 325, p. 539; 1 R. S. 1879, sec. 2454; 1 R. S. 1889, sec. 5121. (4) When Longsdorff, the tenant, moved the fence he had made inclosing the land under the lease to him from Hyde, and abandoned the possession prior to the expiration of said lease, thereupon by operation of law the plaintiff, as assignee of and purchaser from Hyde, became at once possessed of said premises, and the subsequent entry thereon by the defendants, or any of them, was an entry upon the actual possession of the plaintiff, and was wrongful and unlawful. *May v. Luckett,* 48 Mo. 472. (5) The court erred in refusing to give plaintiff's instructions, numbered 1, 2 and 3, as asked, and in the modifications made in them before giving them. *State to use v. Lefaivre,* 53 Mo. 470; *Edwards v. Smith, Adm'r,* 63 Mo. 119; *Gaslight Co. v. Ins. Co.,* 33 Mo. App. 348; Thompson on Charging the Jury, sec. 12. (6) The court should have given the plaintiff's fourth instruction and erred in refusing it. It recites the facts exactly as they appeared in evidence and are shown by the record, and being true the defendants were bound and concluded by them. Bigelow on Estoppel [3 Ed.] pp. 601–603. (7) The defendants' first instruction presents a mere abstraction, and was well calculated to mislead the jury; and, besides, it was not justified by the evidence in the case. And defendants' instruction, numbered 3, was improper and unauthorized by the evidence. And the defendants' instruction, numbered 4, is equally faulty and erroneous.

*H. Lander* for respondents.

(1) Appellant Comstock does not rely for his recovery upon any estoppel growing out of the relation of landlord and tenant, between himself and respondents. The evidence in the case failing to show any collusion or understanding between the outgoing tenant,

Longsdorff, and defendant Kennedy, Longsdorff left the premises as he had the right to do under his lease, and Kennedy came in claiming the title to the land and the possessory title which had been held for his use and benefit under the lease to Longsdorff. (2) Appellant, upon this record, must show the paramount title to the land in question before he can recover. Title by adverse possession will not be presumed, but must be proven, *Lynde v. Williams*, 68 Mo. 360–369. Possession of land may be open and notorious, and still not be adverse, *Thomas v. Babb*, 45 Mo. 384. (3) The fact that Longsdorff as tenant of Hyde or Jones, or both, had the land all inclosed and used it openly and continuously for two years, and that respondents had knowledge of these facts, yet these facts alone do not make an adverse possession for the purpose of the statute of limitation. *Crawford v. Ahrnes*, 103 Mo. 88–94. (4) A recovery in ejectment upon a prior possession merely is limited to cases where the defendant is an intruder without right; but does not extend to cases where he is in possession under claim of right or color of title. *Prior v. Scott*, 87 Mo. 303; *Bledsoe v. Sims*, 53 Mo. 305; *Dunn v. Miller*, 75 Mo. 272. And such prior possession, to avail, must not differ in its character from adverse possession. *Spurlock v. Daugherty*, 81 Mo. 171–184. (5) To change a friendly into an adverse possession notice must be brought to the knowledge of the adverse claimant. *Lapayre v. Paul*, 47 Mo. 585–590; *Hamilton v. Boggess*, 63 Mo. 233; *Gordon v. Eans*, 97 Mo. 587. In this case, neither the alleged deed from Gilson to Hyde nor the lease from Hyde to Longsdorff were ever recorded, and not even constructive notice thereof was given. (6) The evidence tends to show that whatever interest Hyde held in this land, he held only as a partner, or tenant in common, with Jones. If he, Hyde, ever purchased from Gilson an outstanding claim or interest, it was under the law for the benefit of the joint interests, and not adverse to Jones or his grantees.

MACFARLANE, J.—This is ejectment for the recovery of the southeast quarter, section 4, township 54, range 19, Chariton county, commenced February 27, 1885, against defendants, Eastwood, Kennedy and Clair. Helen M. Rogers was afterwards made a party defendant on her own motion, claiming that the other defendants were tenants under a lease from Henry Rogers, deceased, and she was the sole heir-at-law of said deceased.

The petition was in the usual form, laying the ouster on March 1, 1884. The answer was a general denial. The land was what is known as military bounty land. The patent from the United States was issued to Thomas W. Britton, January 4, 1819. No conveyance was shown from the patentee. Plaintiff claimed title by reason of alleged previous adverse possession for the period of two years. The trial was to the court without a jury.

The basis for the claim of adverse possession was a lease of the land in question from Lucius D. Hyde to David Longsdorff, dated March 1, 1881, for a term of three years, or until the land was sold. Under this lease, the lessee went into possession and inclosed the whole tract with a substantial wire fence about June 1, 1881, and occupied and used the land as a pasture until October 20, 1883, when without notice to Hyde or plaintiff he removed the fence and abandoned the possession. Immediately after Longsdorff gave up the possession, defendants entered upon the land and refenced it. On the twenty-second day of June, 1883, the lessor Hyde assigned the lease to plaintiff, and on the same day executed, acknowledged and delivered to him a deed to the land.

On the twenty-seventh of September, 1881, Henry Rogers, and his daughter, the said Helen M. Rogers, commenced a suit in ejectment against Longsdorff and Hyde for the possession of the land. After the conveyance of Hyde to plaintiff the latter was, on his own

motion, made a party defendant in said suit. This suit was continued, from term to term, until April 9, 1884, when it was voluntarily dismissed by plaintiffs.

As a basis for their possession, defendants read in evidence the following: "Deed from Henry L. Gains and wife to John P. Jones, dated April 3, 1869; deed from John P. Jones and wife to Daniel Whitinger and P. R. Bean, dated June 10, 1875; deed from said Whitinger and Bean to Howard O. Greene, dated April 8, 1879; deed from Howard O. Greene and wife to Henry Rogers, trustee for Helen M. Rogers, dated July 12, 1880; deed from Henry Rogers, trustee for Helen M. Rogers, to Ann E. Kennedy, wife of A. G. Kennedy, dated June 30, 1884." These are substantially the facts in the case which are disputed.

The evidence then offered by defendant tended to prove the following facts: That John P. Jones and L. D. Hyde had been and were during the years 1881, 1882 and 1883 partners in the cattle business and in the ownership of considerable land, and that Jones made the contract for the lease of the land to Longsdorff and drew up the lease to him, and, as a matter of convenience, the name of Hyde was inserted in the lease as landlord for the reason that Jones was a cripple and Hyde was active and better able to attend to the matter. That the object of Jones in leasing the land was to hold the possession, but not adversely to those to whom he had sold, but for the protection of their title under him. That during the year 1882, while Longsdorff was in possession under the Hyde lease, plaintiff and Jones had considerable correspondence with a view of the latter selling to the former. In this correspondence plaintiff appears to recognize a joint interest of Jones and Hyde in the land.

Plaintiff offered evidence which tended to prove that Jones bought the land for Hyde, who refunded the purchase money, and thereafter claimed the same as his own and so used and controlled it, and sold it to

plaintiff for $300. This we deem a sufficient statement of the facts.

It will be seen from the foregoing statement, that neither party relies upon a paper title to support his claim to the land. Plaintiff bases his right to recover solely upon an alleged previous adverse possession, and defendants, to defeat a recovery, rely upon their possession and the infirmity in the title of plaintiff. It is true defendants read a number of deeds, making a chain, the first link of which was in the air, and wholly detached from the original source. These were only. read to show color of title, and good faith in the possession.

The substantial controversy, in the case, grows out of the character of the possession of Longsdorff under his lease from Hyde. There is no question but that the actual possession, under that lease, continued from the first of June, 1881, until the twentieth of October, 1883, a period, when applied to military bounty land, sufficient under the statute, if adverse, not only to bar recovery by any other claimant, but to vest in plaintiff, the grantee of Hyde, the title to the land upon which ejectment may be maintained. R. S. 1879, sec. 3219; *Gardner v. Terry,* 99 Mo. 526; *Fulkerson. v. Mitchell,* 82 Mo. 13; *Cooper v. Ord,* 60 Mo. 423.

While there is no doubt that Longsdorff held the actual, visible, continuous and notorious possession under his lease from Hyde for the requisite period to create the bar of the statute, it does not follow that his possession had the effect of doing so. In order to have created the bar, it was necessary to show that the possession was adverse; that is, that the possessor intended to disseize all others not in privity with him, and to hold and claim the property exclusively as his own. *Thomas v. Babb,* 45 Mo. 386; *Bradley v. West,* 60 Mo. 36. If the lease was made in the name of Hyde, was for his sole benefit, and was so intended, when the contract was made and the lease was written, and the

possession of his tenant thereunder was taken and held with the intention of excluding Jones, and those claiming under deeds from him, from any right to the land, then the possession was adverse, but if the contract was made, and the lease written by Jones, either for his own benefit, or the joint use of himself and Hyde, or for the protection of his grantees, and the name of Hyde was inserted therein as lessor, merely for convenience, then the possession of the tenant was not adverse to that of Jones, though Hyde held an interest in the land with Jones, and though he intended to claim an exclusive possession in himself. If the possession in its inception was friendly, then it could not be converted into one of hostility by a mere mental intention. Some notice or act indicative of an intent to disseize was necessary. *Spencer v. O'Neil*, 100 Mo. 49; *Campbell v. Gas Co.*, 84 Mo. 352.

It was a question of fact, for the determination of the jury whether Hyde's possession was adverse to and exclusive of the rights of Jones and those claiming under him. The court instructed the jury in accordance with our view of the law as herein expressed; the issue was fairly submitted, and the verdict ought to end that controversy.

Plaintiff also makes the further point that he, as assignee of, and purchaser from, Hyde, became immediately on the purchase and assignment possessed of the premises, and the subsequent entry by defendant was upon his actual possession, and was wrongful and afforded them no protection against his rights, though the possession of his tenant had been short of the period of limitation. The principle of this contention is undoubtedly correct. The abandonment of leased premises by a tenant does not give license to any intruder to enter therein and claim the right of possession. *Warren v. Ritter*, 11 Mo. 356; *May v. Luckett*, 48 Mo. 474. But whether this principle is

applicable to the case in hand depends upon the relation between Hyde and the tenant. If Longsdorff· was the tenant of Hyde only, then as to him and his assignee defendants were nothing more than wrongful intruders upon plaintiff's possession. The tortious possession thus acquired would have been indefensible in this action. If, however, Longsdorff was the tenant of Jones, he alone could complain of the acts of defendants in taking possession. If the possession of the tenant was for the benefit and protection of the grantees of Jones, then defendants, as such grantees, had the right to the possession.

Plaintiff had negotiated with both Jones and Hyde for this land, and was fully informed, as the correspondence between him and Jones shows of the condition of the title, and the character of the tenancy under which possession was held, and the sale and assignment gave him no better right to the possession than that of his assignor. This question was also ·passed upon under instructions in substance that, if the tenant was in possession, " as the tenant of Hyde and for him," and abandoned the premises and removed the fencing therefrom without notice to plaintiff or Hyde, and defendants thereupon entered upon the premises, their possession so acquired would be wrongful, and plaintiff should recover. The verdict should also end this contention.

On the twenty-seventh of September, after Longsdorff took possession under the lease, Rogers, who claims under mesne conveyances from Jones, commenced a suit in ejectment against Hyde and the tenant for possession. In the petition the usual charge was made that plaintiff was entitled to the possession, and the defendants had "entered into said premises and unlawfully withheld the possession thereof from plaintiffs." It is insisted that the commencement and prosecution of this suit, until possession was taken by those claiming under Rogers, estop defendants to deny that

the possession under the Hyde lease was adverse to them. In support of this position, we are referred to the principle of estoppel, which will not permit a party to a suit to occupy inconsistent positions. In answer to this, we can say that we understand this doctrine to apply solely to inconsistent positions in the same suit or proceeding, and not to different ones, unless the second suit grows out of a judgment in the first, which is not the case here. Bigelow on Estoppel [5 Ed.] 722. We make no attempt to reconcile the inconsistencies, or palliate the questionable conduct, of parties connected with the acquisition and attempted acquisition of this property. The jury could judge better than we.