## OLGA M. GORDON

### *vs.*

## W. D. HUTCHINS and W. B. KENDALL.

### Kennebec.   Opinion January 14, 1919.

*Fraudulent representations.   Waiver of same.   Pleadings in former case where non-suit has been granted being res adjudicata in another suit between same parties.   Rule as to equitable estoppel.*

Where in a previous action of deceit between the same parties on the ground of fraudulent representation as the inducement of a contract of sale, both a waiver of the alleged fraud and a rescission of the contract were pleaded by the defendants as special matters of defense in a brief statement under the general issue, and an entry of non-suit was made with the consent of the plaintiff,

*Held:*

(1) That in a later action of assumpsit to recover the money paid on account of said contract of sale alleging rescission of the contract by reason of the same fraudulent representations as were set forth in the action of deceit, it was error to rule that the defendant by reason of his plea of rescission in the action of deceit was estopped in the later action from denying rescission and relying on a waiver of the alleged fraud.

(2) That an entry of non-suit determines no rights between the parties to an action.

(3) That to create an estoppel *in pais,* known as an equitable estoppel, all the elements must be present including ignorance of the true facts on the part of the one claiming the estoppel.

(4) That to estop one from taking a position inconsistent with that taken in his pleadings in a former action, the position taken in the first action must have been successfully maintained, and in the event of the dismissal of the former action without any binding judgment, as by an entry of non-suit, and the other party not being misled by the former plea into taking any position to his prejudice through ignorance of the real facts, the fact that a certain position was taken in the prior action, though admissible as evidence against the pleader, does not estop him from taking a position inconsistent with his former plea in a later action concerning the same subject matter between the same parties.

Action on the case to recover damages for alleged fraud and misrepresentation in regard to a certain farm sold to plaintiff by defendants. Defendant filed plea of general issue, also brief statement. Verdict for plaintiff in the sum of $1331.24. Defendant filed motion for new trial; also exceptions to certain rulings of presiding Justice. Judgment in accordance with opinion.

Case stated in opinion.

*George W. Heselton,* for plaintiff.

*Williamsom, Burleigh & McLean,* for defendants.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J. In the spring of 1912 the plaintiff negotiated for the purchase of a farm of the defendants, and on the first day of June, 1912, received from the defendants a bond bearing date of May 8, 1912, to deliver to the plaintiff a deed of the premises upon the payment of the purchase price in accordance with the conditions of the bond. The plaintiff entered into the occupancy of the premises on or about the fifteenth day of May, 1912, and continued to occupy and carry on the farm until at least December 3rd, 1914, when her counsel notified the defendants by letter that she rescinded her agreement to purchase on the ground of fraud.

Following a surrendering up, or abandonment of the premises, the plaintiff brought an action of deceit alleging fraudulent representations by the defendants of substantially the same tenor as those set forth in the case at bar. To this action of deceit the defendants pleaded the general issue, and a brief statement of special matters of defense among which were:

(1) That the defendants had rescinded the contract, and surrendered up the premises, which had been sold by the defendants.

(2) That the alleged fraud had been waived by the plaintiff by reason of her continuing under the contract and requesting and receiving an extension of time for payment, after discovery of the alleged fraud, that the plaintiff had committed waste on the premises and had finally abandoned them.

At the October term, 1916, with the consent of the plaintiff's counsel an entry of non-suit was made, whereupon the plaintiff then brought the present action of assumpsit, under which she now claims that the

contract of purchase was rescinded by reason of substantially the same fraudulent representations as were set forth in her prior action of deceit.

To this action the defendants have pleaded the general issue with a brief statement of special matters of defense among which were the following: (1) that the fraud, if any, had been waived after discovery; (2) that the contract was never legally rescinded; (3) that the plaintiff by bringing her previous action of deceit had elected her remedy and was estopped from bringing the present action. The jury at *nisi prius* found that the plaintiff was entitled to recover of the defendants the sum of $1331.24. The case comes before this court on motion of the defendants for a new trial on the usual grounds and on exceptions by the defendants.

The plaintiff in her declaration has made at least nine distinct allegations of fraudulent representations as inducements for her entering into the agreement to purchase. The defendants, however, point out that her husband acting as her agent visited the farm for the purpose of inspecting it prior to the purchasing; that she occupied the premises for two seasons without a word in a considerable volume of correspondence as to any claim of fraud, although the alleged shortcomings were frequently urged as excuses for failure to meet her payments on the purchase price and interest; and that it was not till the spring of 1914, and the defendants insisted on payments being made, that the first claim of fraud appears in the correspondence.

It is urged by counsel for the plaintiff that she was kept quiet by oral promises of adjustment. This is denied by the defendants, and there is at least no direct evidence of it in the case; and the letters of the plaintiff's husband and agent contain no suggestion of an intent to avoid her contract until the spring of 1914, though it may appear that the fruits of their labor fell somewhat short of their anticipations.

The scope of an opinion does not permit an analysis of all the evidence. Without deciding whether the evidence that the fraudulent representations were made as alleged was "clear and convincing" as is required under the decisions of this court, *Strout* v. *Lewis,* 104 Maine, 65, 67; *Bixler* v. *Wright,* 116 Maine, 133, 135; *Jones* v. *Shiro,* 116 Maine, 512, we feel that after two years of occupation and cultivation of this farm, with the opportunity for acquiring knowledge of the falsity of the representations, if any such were made, as to the amount of hay and apples produced on the premises the year prior to

the purchase, with her expressed intent from time to time of carrying out the contract, her payments on account of the purchase price and interest, with requests for extension of time of making payments, the defendants' waivers of time of payments, there was evidence of a waiver by the plaintiff of any misrepresentations as to the property, to which the jury, under the rulings of the court, did not give proper weight.

Again, granting the claim of the plaintiff that, notwithstanding the place cut only eight tons English hay in 1912, and seven tons in 1913, and the many other respects in which she now claims it fell short of the representations, her suspicions as to its failure to produce twenty-five tons of English hay and fifty to sixty dollars worth of apples in 1911 were not aroused till the middle of the haying season of 1914, when inquiries were made of the neighbors, the jury should have been allowed to pass upon the question of whether the evidence disclosed sufficient grounds for delay in rescinding the contract till December, 1914; *Estey* v. *Whitney*, 112 Maine, 131; *Clark* v. *Stetson*, 113 Maine, 276; *Bither* v. *Packard*, 115 Maine, 306, 315.

The jury, however, were precluded from considering this phase of the case by the ruling of the court that owing to the defendants setting up as a defense under their brief statement in the former suit that the contract had been rescinded, they were now estopped in this action from denying it, and that it must be treated as a rescinded contract. By this ruling the jury were, in effect, also precluded from considering whether or not there had been a waiver by the plaintiff of any misrepresentations which they found to have been made. The inference being, that if there was a rescission, there could have been no waiver of the fraud. We think there was error in this ruling. If the question of waiver and rescission had been submitted to the jury under proper instructions they might have reached a different conclusion.

The ruling of the court upon the effect of the defendants' plea of rescission in the former case appears to have been based upon the assumption that the issue of whether or not there was a legal rescission of the contract was then decided, that the entry of non-suit was in the nature of a judgment based upon that finding, and that the question of rescission between these parties is now *res judicata*. Neither the evidence before this court, nor the legal effect of the entry of non-suit, seems to warrant that assumption. From the printed case it appears that it was a voluntary non-suit consented to by the plaintiff's counsel,

upon the suggestion of the court that she had misconceived her remedy, no doubt to save her own right to bring a new action and avoid an estoppel by election of her remedy. We do not mean to imply, however, that the result would have been different if the non-suit had been ordered by the court against the objection of the plaintiff.

Estoppels are of three kinds: by record, by deed, and *in pais*. The record of a court creates two estoppels,—one, as a memorial, or record, of the proceedings, which all the world is estopped from denying; and two, as a record of the fact enrolled or issue decided or in other words, of a judgment of the court, which only estops the parties and their privies to the action, except in the case of judgments *in rem*. Bigelow on Estoppel, 6th ed., Part I, Chap. 1. That the former action between these parties was disposed of by a non-suit all the world is estopped to deny. Bigelow on Estoppel, 6th ed., page 36; *Willard* v. *Whitney*, 49 Maine, 235; *Davis* v. *Smith*, 79 Maine, 358. It seems equally well settled, that no issue between the parties thereby became *res judicata*. 3 Blackstone, pages 296, 377; *Knox* v. *Waldoboro*, 5 Maine, 185; *Loomis* v. *Green*, 7 Maine, 386, 391; *Lord* v. *Chadbourne*, 42 Maine, 429, 443; *Pendergrass* v. *York Manufacturing Co.*, 76 Maine, 509, 513; *Morgan* v. *Bliss*, 2 Mass., 111; *Bridge* v. *Sumner*, 1 Pick., 370; *Haskell* v. *Friend*, 196 Mass., 198, 200; *Homer* v. *Brown*, 16 Howard (21 U. S., 182) 354, 365; *Manhattan Life Insurance Co.* v. *Broughton*, 109 U. S., 121, 124, 125; *United States* v. *Parker*, 120 U. S., 89, 93. We think, therefore, neither party, is estopped by the record from taking any of the positions assumed by their respective pleadings in this case.

Does the setting up by the defendants of a rescission of the contract as one of their defenses under their brief statement in the former action of deceit constitute an estoppel *in pais*? Estoppels *in pais* while not unknown to the common law, Coke's Litt., page 352, were apparently limited in their application. Their wide and general recognition in modern practice has grown out of the application of equitable principles and their adoption by courts of law. None of the facts in this case are among those recognized at common law as creating an estoppel *in pais*, Coke's Litt., *supra*. To constitute an estoppel *in pais* or an equitable estoppel as it is sometimes termed in modern practice, all the elements must be present, among which is ignorance of the true facts on the part of the party claiming the

estoppel. *Rogers* v. *Street Railway*, 100 Maine, 86, 93; Pomeroy
Equity, Vol. II, Sec. 810; *Hobbs* v. *Parker*, 31 Maine, 143, 152; *Pond*
v. *Pond Est.*, 79 Vt., 352; *Campbell* v. *Golden Cycle Mining. Co.*, 141
Fed. Rep., 610, 616; *Crary* v. *Dye*, 208 U. S., 515, 521.    This ele-
ment was entirely lacking in this case.    The plaintiff was equally as
cognizant of the facts concerning the alleged rescission as the defend-
ants.    She claimed it herself, as her counsel's letter of December 3rd,
1914, to the defendants showed.    There was no fraud practised
upon her in this respect.    The defendants' pleadings gave notice
that as a defense to her action they also relied upon a waiver of the
fraud alleged in her declaration.

Under the head of estoppels, or *quasi* estoppels as they are termed
by some of the authorities, Bigelow on Estoppel, page 788, Am. &
Eng. Ency. of Law, Vol. II, page 446, 2nd ed., are considered the
effect of a position taken in a. judicial proceeding, either by stipula-
tions, admissions, or in the pleadings; and the general rule is that
one may not to the prejudice of the other party deny any position
taken in a judicial proceeding at least during that proceeding, nor, if
successfully maintained, in any subsequent proceeding between the
same parties or their privies involving the same subject matter.
*Allegans contraria non est audiendus.*    Bigelow on Estoppel, 6th ed.,
789, 790; *Davis* v. *Wakelee*, 156 U. S., 680, 689; *Lackmann* v. *Kearney*,
142 Cal., 112; *Comstock* v. *Eastwood*, 108 Mo., 41, 50; *McQueen's
Appeal*, 104 Pa. St., 595; *Caldwell* v. *Smith*, 77 Ala., 157, 165.    In the
event of a dismissal of the action, in which the position was taken,
without any binding judgment, as in case of a non-suit, the fact that
such a position was taken in a prior action may be admissible as evi-
dence against the parties, but is not conclusive.    *Beatty* v. *Randall*,
5 Allen, 441; *Waterman* v. *Merrow*, 94 Maine, 237.    Where, however,
no wrong is done the court or the other parties to the cause by per-
mitting a change of position, a change should in principle and will in
fact be allowed.    Bigelow on Estoppel, 6th ed., 790; *Green Bay Canal
Co.* v. *Hewitt*, 62 Wis., 316, 327.

The defendants in the former action pleaded double under their
brief statement as they were permitted to do.    *Potter* v. *Titcomb*, 16
Maine, 423, 425; *Adams* v. *Moore*, 7 Maine, 86; *Gordon* v. *Pierce*, 11
Maine, 213, 217; *Granite State Bank* v. *Otis*, 53 Maine, 133, 134.

Under their pleadings in that action they could have introduced
evidence either of rescission, or a waiver of the fraud which would bar

rescission. The plaintiff is not prejudiced by the defendants deny-ing rescission and relying on a waiver of the fraud in this case. Her action of deceit was a pure misconception of her remedy from its inception. She herself claimed the contract was rescinded. That the contract was terminated either by rescission on her part, or by her abandonment and rescission by the defendants, there never was any dispute. In either case the contract as a basis of an action for damages was eliminated. Her action of deceit from the undisputed evidence was bound to fall of its own weight. We think she is not now prejudiced by any position taken by the defendants in the former action.

We hold, therefore, that no principle of the law of estoppel was violated by the defendants denying rescission in this case and sustain the defendants' exception to the court's ruling that the contract must be treated as a rescinded contract.

Upon the evidence in the case, we think the motion of the defend-ants should also be sustained upon the ground that it clearly appears that either the alleged fraudulent representations were not relied upon by the plaintiff, or if any were made and relied upon, they were waived during her long occupancy of the premises, and that her rescission of the contract was not seasonably made.

We do not consider the other exceptions of the defendants.

Entry to be,

> *Exception sustained.*
> *Motion sustained.*
> *Verdict set aside.*