George **SMITH**, et al.

v.

**YANKEE CONSTRUCTION CORPORATION**, et al.

v.

**CONCRETE CRAFTSMEN CORPORATION.**

Supreme Judicial Court of Maine.

Argued April 26, 1993.

Decided May 28, 1993.

Doris Harnett, (orally), Cuddy & Lanham, Bangor, Phillip Johnson, Augusta, for Concrete Craftsmen.

Peter Marchesi, (orally), Wheeler & Arey, Waterville, for Yankee Const.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

The third-party defendant, Concrete Craftsmen Corporation, appeals from an order entered in the Superior Court (Kennebec County, *Mead, J.*) denying its motion for a summary judgment based on its claim of immunity from suit under the Workers' Compensation Act. Because we conclude that Concrete Craftsmen did not clearly and specifically waive its immunity under the Act, we direct the entry of a summary judgment in its favor.

Yankee Construction Corporation was hired by Patten Construction Company, Inc., the general contractor on the Portsmouth Regional Medical Center construction project, to perform all concrete work at the construction site in Portsmouth, New Hampshire. Yankee in turn subcontracted with Concrete Craftsmen to pour the concrete floors at the construction site. Thereafter, George Smith, an employee of Concrete Craftsmen, was injured while working at the construction site. Concrete Craftsmen's workers' compensation insurance carrier paid workers' compensation benefits to Smith for his injuries.

George and Margo Smith commenced this action against Patten, Yankee, and H.C.A. Realty, Inc., the owner of the construction site, seeking to recover for personal injuries sustained by Smith. Yankee brought a third-party action against Concrete Craftsmen seeking indemnification. Concrete Craftsmen then filed a motion for a summary judgment on the ground that it is immune from Yankee's third-party suit pursuant to the Workers' Compensation Act, which provides that "[a]n employer who has secured the payment of compensation ... is exempt from civil actions ... involving personal injuries sustained by an employee arising out of and in the course of employment." 39 M.R.S.A. § 4 (Supp.

1992). Concrete Craftsmen has appealed from the court's denial of its motion.

■ We must first determine whether the denial of Concrete Craftsmen's motion for a summary judgment is immediately appealable under the collateral order exception to the final judgment rule. In different contexts, we have held that the denial of a motion for a summary judgment based on a claim of immunity from suit is immediately appealable under the collateral order exception to the final judgment rule. *See Ryan v. City of Augusta*, 622 A.2d 74, 75 (Me.1993) (qualified immunity from plaintiff's section 1983 suit); *Polley v. Atwell*, 581 A.2d 410, 412–13 (Me.1990) (discretionary function immunity under Maine Tort Claims Act). In so holding, we recognized that the immunity in question was an entitlement to immunity from suit rather than a defense to liability, and it " 'is effectively lost if a case is erroneously permitted to go to trial.' " *Lord v. Murphy*, 561 A.2d 1013, 1015 (Me.1989) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). Contrary to Yankee's contention, section 4 of the Act confers immunity from suit, rather than merely immunity from liability, on employers such as Concrete Craftsmen. Accordingly, we address the merits of the issues presented on appeal.

■ Yankee contends that Concrete Craftsmen waived its immunity under the Act and is therefore not entitled to a summary judgment. We disagree. Because the "intent of the statute was not to burden the industries of the State beyond the scope of the act as defined by the lawmakers," *Roberts v. American Chain & Cable Co.*, 259 A.2d 43, 49 (Me.1969), we have set forth strict requirements for a valid waiver of an employer's immunity by an indemnification agreement. In *Diamond Int'l Corp. v. Sullivan & Merritt, Inc.*, 493 A.2d 1043 (Me.1985), we stated that such an indemnity clause

> "is enforceable only if it clearly and specifically contains a waiver of the immunity of the workers' compensation act, either by so stating or specifically stating that the indemnitor assumes potential lia-

bility for actions brought by its own employees."

*Id.* at 1048 (quoting *Brown v. Prime Constr. Co., Inc.*, 102 Wash.2d 235, 684 P.2d 73, 75 (1984)).

Yankee argues that the terms of its subcontract with Patten (Subcontract #1), which includes an indemnification agreement, are incorporated into its subcontract with Concrete Craftsmen (Subcontract #2) by the express terms of the "flow-down" clause contained in Subcontract #2. This "flow-down" clause provides in pertinent part that Concrete Craftsmen "agrees to furnish all material and perform all work ... in accordance with this Agreement, [and] the Agreement between the Owner and Contractor." Yankee contends that based on the understanding of the parties and custom in the building industry, it is clear that "the Agreement between the Owner and Contractor" refers to Subcontract #1 rather than a contract between H.C.A. Realty, the owner of the project, and Patten, the general contractor. Assuming without deciding that an argument could be made that the "flow-down" clause of Subcontract #2 incorporated the terms of Subcontract #1, the fact that its interpretation is not clear and unambiguous precludes the application of the *Diamond* waiver doctrine as a matter of law. There is no genuine issue of material fact and Concrete Craftsmen is entitled to a judgment as a matter of law. *See Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me.1988).

The entry is:

Order denying a summary judgment vacated.

Remanded with instruction to enter a summary judgment in favor of Concrete Craftsmen Corporation on the third-party claim of Yankee Construction Corporation.

All concurring.