**Charlotte ORGANES et al.**

v.

**TOWN OF STEUBEN.**

Supreme Judicial Court of Maine.

Argued April 25, 1994.

Decided July 19, 1994.

Elizabeth Kelly Ebitz (orally), Judith W. Thornton, Ebitz & Thornton, P.A., Bangor, for plaintiffs.

John B. Lucy (orally), Richardson, Troubh & Badger, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and DANA, JJ.

GLASSMAN, Justice.

■ The Town of Steuben appeals from a judgment entered in the Superior Court (Washington County, *Marsano, J.*) denying its motion for a summary judgment[1] in favor of the Town in this action by Charlotte Organes and her husband, John Organes, seeking damages for injuries sustained by Charlotte when she was struck by lightning as a result of the Town's alleged negligence. We agree with the Town's contention that it is entitled to immunity from the present action pursuant to section 4 of the Workers' Compensation Act (the Act). 39 M.R.S.A. § 4 (Supp.1991), *repealed by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993).[2] Accordingly, we vacate the order and remand for the entry of a summary judgment in favor of the Town.

The undisputed facts in this case can be summarized as follows: On April 10, 1991, Charlotte Organes was employed by the Town as a deputy town clerk and was working in the capacity of the town clerk, who was on vacation. While smoking a cigarette in the bathroom, she heard someone come into the town office and call for Handy Pinkham, a town selectman and an Overseer of the Poor who handled the Town's general assistance. Pinkham, who was in an adjoining room working on some tax matters with his secretary, asked Charlotte to telephone the local grocery store on behalf of the general assistance recipient. While making the call on the Town's cordless telephone, she was struck by lightning that entered the building through a nearby heating vent.

By their two-count complaint against the Town, the plaintiffs sought damages for Charlotte's injuries and John's loss of consortium resulting from the alleged negligence of

---

1. The denial of the Town's motion for a summary judgment based on its claim of employer immunity is immediately appealable pursuant to the collateral order exception to the final judgment rule. *Smith v. Yankee Constr. Corp.*, 625 A.2d 904, 906 (Me.1993).

2. Section 4 provides, in pertinent part:

> An employer who has secured the payment of compensation in conformity with [this Act] is exempt from civil actions ... involving personal injuries sustained by an employee arising out of and in the course of employment....

A substantially identical provision was enacted by P.L.1991, ch. 885, § A–8 (codified at 39–A M.R.S.A. § 104 (Supp.1993)).

the Town. The Town filed a motion for a summary judgment on the ground of employer immunity pursuant to the Act. In support of the plaintiffs' claim that Charlotte's injuries were not incurred in the course of her employment with the Town,[3] they relied on the following facts: The records of the Overseer of the Poor are confidential and kept in a locked cabinet to which neither she nor the town clerk have a key; the work of the Overseer of the Poor is distinct from the work of the rest of the town office; at the time of the injury, she was on a work-break and had made the telephone call as a personal favor to Pinkham; Pinkham had theretofore paid her out of his own pocket when she did special favors for him related to his job; and, as deputy town clerk, she was appointed by the town clerk and not under the direction or control of any other elected official, including selectmen of the Town. After a hearing, the court denied the Town's motion without an explanation, and the Town appeals.

█ Section 4 of the Act provides employers with immunity from civil actions at common law involving "personal injuries sustained by an employee arising out of and in the course of employment...." *Id.* It is undisputed that Charlotte was an employee of the Town at the time of her alleged injury. In the first instance, we find no merit in the plaintiffs' contention that because Pinkham was an elected official he was not a co-employee of Charlotte. *See id.* § 2(5)(A) (Supp.1991), *repealed by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (definition of employee). The issue is whether Charlotte's injury occurred in the course of her employment with the Town. The term "in the course of employment" refers to the time, place, and circumstances under which the injury occurred. *Comeau v. Maine Coastal Services,* 449 A.2d 362, 365 (Me.1982). An injury "arises in the course of employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties

and while he is fulfilling those duties or engaged in something incidental thereto." *Id.* (quoting *Fournier's Case,* 120 Me. 236, 240, 113 A. 270 (1921)). The temporal and spatial elements of the "in the course of employment" requirement are clearly satisfied in this case. Moreover, even though the work of the Overseer of the Poor is separate from that of the town clerk, it is clear that Charlotte was advancing the interest of the Town by making a telephone call from the town office on the Town's telephone to obtain general assistance for a citizen of the Town. We have previously stated that "[a]n act outside an employee's regular duties which is undertaken in good faith to advance the employer's interests, *whether or not the employee's own assigned work is thereby furthered,* is within the course of employment." *Cook v. Bangor Hydro–Electric Co.,* 402 A.2d 64, 66 (Me.1979) (quoting 1A Larson, § 27.00 (1978)) (emphasis added). *See also Comeau,* 449 A.2d at 365 n. 3 (activity is related to employment if it carries out the employer's purposes or advances his interests directly or indirectly).

█ The plaintiffs also contend that the Town is bound by the allegations denying coverage pursuant to the Act contained in its response to Charlotte's petition in a prior workers' compensation proceeding. Charlotte withdrew her petition for an award of workers' compensation benefits prior to any determination by that forum. Accordingly, neither party is bound by their allegations in that proceeding, and her contention that the Town has waived or is estopped from asserting contrary allegations in the instant action is without merit. *See Gordon v. Hutchins,* 118 Me. 6, 11, 105 A. 356 (1919) (general rule is that one may not, to the prejudice of the other party, deny in a subsequent proceeding any position taken in an earlier proceeding if the position is successfully maintained to a final determination in the earlier proceeding.)

Nor do we find any merit in the plaintiffs' contention, in reliance on *LaBelle v. Crepeau,*

**3.** The plaintiffs' allegation in their complaint that Charlotte's injuries were suffered as a result of the Town's negligence in failing to properly maintain the Town Hall or administer safety procedures for the use of a cordless telephone negates any necessity to discuss whether her

injuries arose out of her employment. *See* 1 Arthur Larson, *Workmen's Compensation Law,* § 8.00 at 3–16 (1993) (hereinafter "Larson") ("[a]ll courts agree that injury due to lightning ... arises out of the employment if the employment increases the risk of this kind of harm.").

593 A.2d 653 (Me.1991), that they have a cause of action against the Town as landowner rather than against the Town as employer. The application of the dual capacity doctrine in *LaBelle* was predicated on the fact that the landlord was a separate and discrete legal entity from the corporate employer. *Id.* We have refused to extend the dual capacity doctrine on the basis of an employer's mere ownership of property. *Quinn v. DiPietro,* 642 A.2d 1335, 1336 (Me. May 31, 1994).

The entry is:

Judgment vacated. Remanded for the entry of a summary judgment in favor of the Town of Steuben.

All concurring.