Mary E. MOTT et al.

v.

Raymond R. LOMBARD et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 6, 1995.
Decided March 8, 1995.

Keith R. Jacques, Jensen, Baird, Gardner & Henry, Biddeford, for plaintiffs.

Durward W. Parkinson, Bernstein, Shur, Sawyer & Nelson, Kennebunk, for defendants.

Before ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Raymond and Linda Lombard appeal the judgment entered in the Superior Court (York County, *Fritzsche, J.*) granting Mary E. Mott's and Nancy L. Seith's motion for a summary judgment and ordering the foreclosure and sale of real property sold to the Lombards over six years ago. The Lombards argue that the court erred in entering an order of foreclosure and sale while the deed, mortgage, and note were held in escrow and in dismissing their counterclaims. Because we agree that the Lombards' negli-

gent misrepresentation counterclaim is not barred, we vacate the judgment.

In June 1987 Mott and Seith conveyed a unit in an Old Orchard Beach condominium to the Lombards. The Lombards signed a promissory note as part of the purchase price of the unit, and the balance was paid in cash. They signed a mortgage on the same date to secure the note. Because there was a pending lawsuit affecting title to the entire condominium project, the parties agreed that the deed, note, and mortgage would be held in escrow by the sellers' attorney pending discharge of the *lis pendens* notice. The deed and mortgage deed were, therefore, not recorded. Pursuant to the terms of the note, interest only was to be paid monthly and the principal was to be paid within 75 days after the *lis pendens* notice was discharged of record at the York County Registry of Deeds.

The Lombards assert that they were advised by the sellers' real estate agent that the title problem would require 90 days to cure.[1] In fact, the *lis pendens* was not discharged for three years. The Lombards were unable to refinance their mortgage because, they assert, of a decline in the real estate market. After the discharge of the *lis pendens* notice, the parties executed a workout agreement acknowledging the delivery of the deed, mortgage, and note, and modifying the amount of the monthly payments on the note. The Lombards occupied the property and made payments pursuant to the note as modified until the commencement of this litigation. According to the sellers, as of July 8, 1993, the Lombards owed them $216,535.23.

The sellers filed a complaint for foreclosure and other relief in August 1993. In September the Lombards filed their answer and counterclaim. In May 1994 the court granted the sellers' motion for a summary judgment and entered a judgment and order for foreclosure and sale. This timely appeal followed.

■ When reviewing a grant of a summary judgment, we review evidence in the light most favorable to the party against

---

1. Although the agent denies this assertion in an affidavit, the sellers do not dispute the Lombards' version of these conversations for purposes of the motion for a summary judgment.

whom the judgment has been granted and review the court's decision for error of law. *United Airlines, Inc. v. Hewins Travel Consultants, Inc.,* 622 A.2d 1163, 1166 (Me.1993). We examine the record to determine independently whether it supports the conclusion that there is no genuine issue as to any material fact and that the successful party is entitled to a judgment as a matter of law. *Security Pac. Nat'l Trust Co. v. Reid,* 615 A.2d 241, 243 (Me.1992).

We first note our disagreement with the Lombards' contention that the sellers may not bring this action because the deed, mortgage, and note are held in escrow.

A constructive delivery of the instrument held in escrow occurs when all the conditions of the escrow have been met. Thereafter the escrow holder ceases to be the agent for both parties and becomes the agent for each party in respect to the things placed in escrow to which each party has thus become completely entitled. 28 Am.Jur.2d *Escrow* § 28. *See Progressive Iron Works Realty Corp. v. Eastern Milling Co.,* 155 Me. 16, 19–20, 150 A.2d 760, 762 (1959) (recognizing the possible dual role of an attorney as an escrow agent for both parties and as the agent for her client). *See also Hubbard v. Greeley,* 84 Me. 340, 346, 24 A. 799, 800 (1892) ("We rest our decision upon the ground that the deed was, in fact, delivered to the grantees' attorney *as such,* and that such a delivery is equivalent to a delivery to the grantee himself[.]") (emphasis added).

By agreement of the parties the documents were held in escrow by the sellers' attorney pending discharge of a *lis pendens* affecting the property. When the *lis pendens* was discharged, a constructive delivery of the deed, mortgage, and note occurred at that time. The documents were no longer held by an escrow agent for both parties. Rather, the attorney held the note and mortgage thereafter as an agent for the sellers, and nothing prevented them from bringing their action.

In addition we find no merit in the Lombards' contention that it is impermissible to foreclose an unrecorded mortgage. The foreclosure statute does not by its terms prohibit foreclosure of an unrecorded mortgage. Indeed, record title is irrelevant. The issue is whether there has been a breach of a condition in the mortgage, entitling the mortgagee to proceed with a foreclosure action. 14 M.R.S.A. § 6321 (Supp.1994). "The want of record of a deed does not render the instrument void." *Gatchell v. Gatchell,* 127 Me. 328, 331, 143 A. 169, 170 (1928). Nor does the want of record make it impossible to foreclose.

We turn now to the issue of the Lombards' counterclaims. Their negligent misrepresentation claim concerning the speed with which the *lis pendens* was to have been removed is not barred by the statute of limitations because a counterclaim "arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim" is exempt from the bar of the statute of limitations "to the extent of the demand in the plaintiff's claim." 14 M.R.S.A. § 865 (1980). Even though the Lombards technically are asserting an affirmative cause of action which would be time barred if brought independently, we treat the matter as recoupment for limitations purposes pursuant to section 865. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 13.8 at 279 (2d ed. 1970 & Supp.1981). Because the sellers' claim was timely, the Lombards' counterclaim is not barred.

The sellers argue that contributory negligence on the part of the Lombards would preclude recovery for a negligent misrepresentation by the sellers. Even assuming this is true, the record, viewed in the light most favorable to the Lombards, raises an issue whether the Lombards were, in fact, negligent.[2] The Lombards' claim therefore survives the motion for a summary judgment.

2. For example, the sellers argue in their brief that because Mr. Lombard had been involved in prior real estate transactions he was negligent in not further investigating the assertions by the sellers' agent. In his affidavit, Lombard states that he is an accountant by trade and "had no idea the title matter involved in this case would take so long to clear up."

The sellers contend that the Lombards' counterclaim for rescission is not available after six and a half years. Rescission is an equitable remedy which is available only on "justifiable" grounds and only if the purchaser affects or seeks rescission within a reasonable time of the conveyance. *See Hotchkiss v. Bon Air Coal & Iron Co.,* 108 Me. 34, 59, 78 A. 1108, 1119 (1911); Horton & McGehee, *Maine Civil Remedies* § 14.12 at 14–12. "What is a reasonable time is a mixed question of law and fact. When the facts are ascertained it becomes a question of law." *Getchell v. Kirkby,* 113 Me. 91, 94, 92 A. 1007, 1008 (1915). *See Gordon v. Hutchins,* 118 Me. 6, 12, 105 A. 356, 359 (1919) (finding that a plaintiff seeking rescission after occupying a farm for 2½ years had waited unreasonably long); *Clark v. Stetson,* 113 Me. 276, 280, 93 A. 741, 742 (1915) (finding that a plaintiff was unable to rescind a contract when he continued to occupy the premises at issue for two months after he was aware of the facts of which he complained). We are not prepared to hold on these facts that the Superior Court erred in concluding that rescission was a remedy no longer available to the Lombards.

The entry is:

Judgment and order of foreclosure and sale vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.