STATE OF MAINE　　　　　　　　　　　　　　　SUPERIOR COURT
CUMBERLAND, ss.　　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　　Docket No. RE-06-3



MAKARA MENG,

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　ORDER

MAOMUNNY VANN, et al.,

　　　　　Defendants.


Before the court are (1) defendant Maomunny Vann's motion to dismiss the complaint based on the Statute of Frauds; (2) plaintiff Makara Meng's motion to amend the complaint to assert claims for unjust enrichment, quantum merit, and an accounting under partnership law; and (3) a motion by defendant to dissolve what he characterizes as an extrajudicial attachment.

1.　　　　Defendant's motion to dismiss is denied. First, it appears that the primary relief sought by plaintiff consists of monetary damages based on defendant's alleged failure to pay amounts he had promised to plaintiff once the property was refinanced. The Statute of Frauds does not bar such a claim.

Moreover, for purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond a doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 756 A.2d 217, 220.

To the extent that the complaint here can be read as asserting an equitable interest in property held in defendant's name at 860 Broadway in South Portland, the court concludes that the complaint alleges facts which might entitle plaintiff to such relief. In this connection, a statute of frauds defense can be overcome if a claimant proves the elements of promissory estoppel. E.g., Stevens v. Gagne, 1997 ME 88 ¶ 13, 696 A.2d 411, 416.

2. Plaintiff's motion to amend is granted under the principle that, at least at the outset of a case, leave to amend should be freely granted. Defendant has offered no reason why that principle should not be applied here. Defendant shall respond to the amended complaint within 10 days from the date this order is filed.

3. Defendant's motion to dissolve what he characterizes as an extrajudicial attachment is denied. It has always been the court's understanding that a litigant can give notice of a dispute as to property by filing a lis pendens. This is not the same as an attachment because it only gives notice of the claim and does not establish a priority for purposes of enforcing a judgment.

As far as the court is aware, a party may file a lis pendens either by filing a copy of the complaint in the Registry of Deeds or by filing a notice in the Registry that there is pending litigation over the property. The us of lis pendens has been frequently referred to – without disapproval – in Maine cases. See, e.g., Macomber v. MacQuinn-Tweedie, 2003 ME 121 ¶ 7, 834 A.2d 131, 134; Mott v. Lombard, 655 A.2d 362, 363 (Me. 1995).

If plaintiff were to determine that she is not asserting an interest in the property but is only seeking monetary damages, the court would agree with defendant that plaintiff's proper remedy would be to move for an attachment. Under those circumstances, the lis pendens would remain in effect until there has been a ruling on plaintiff's motion for an attachment.

2

The entry shall be:

Defendant's motion to dismiss is denied.  Plaintiff's motion to amend is granted.

Defendant's motion to dissolve extrajudicial attachment is denied.  The clerk shall

incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:      July __14__ , 2006

Thomas D. Warren
Justice, Superior Court

3

: COURTS
ıd County
ɔx 287
e 04112-0287

TIMOTHY FAGDEN ESQ
75 PEARL STREET SUITE 208
PORTLAND ME 04101

COURTS
ld County
ʳx 287
ꝺ 04112-0287

ANDREW KULL ESQ
PO BOX 1398
PORTLAND ME 04104-1398