**Maurice LaBELLE**

v.

**Raymond CREPEAU.**

Supreme Judicial Court of Maine.

Argued May 22, 1990.

Decided July 11, 1991.

Randall E. Smith (orally), Smith & Elliott, Saco, for plaintiff.

Marshall J. Tinkle (orally), Thompson, McNaboe, Ashley & Bull, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS, and BRODY, JJ.

WATHEN, Justice.

Plaintiff Maurice LaBelle was injured, in the course of his employment, while on premises owned by defendant Raymond Crepeau and leased to plaintiff's corporate employer. Plaintiff filed a negligence action against defendant in his capacity as landlord and owner of the premises. He now appeals from a summary judgment entered on his complaint in the Superior Court (York County, *Brennan, J.*). The court ruled that defendant, who is also the major shareholder, president, and treasurer of the corporate employer, is granted immunity from suit by the Worker's Compensation Act. Plaintiff contends that the immunity afforded by 39 M.R.S.A. § 4 (1989) to a participating employer, its employees, supervisors, officers, and directors does not extend to defendant in his capacity as landlord. We agree and vacate the judgment.

The facts as developed for summary judgment may be summarized as follows: Plaintiff was injured at his place of employment, allegedly due to inhaling paint fumes in an improperly vented paint and body shop. Plaintiff's employer, Crepeau Motors, Inc., leased the building from Raymond and Monica Crepeau, in their individual capacities. Raymond Crepeau owned 98% of the stock in Crepeau Motors, Inc., managed and controlled it, but was not supervising plaintiff at the time of the injury. At all times since 1979, Raymond and Monica Crepeau have leased the building to the corporation claiming the rent paid to them as income and deducting mortgage, depreciation, repairs, and other expenses for the building.

In 1989, plaintiff filed a complaint against defendant as landlord for breach of defendant's duty to provide Crepeau Motors, Inc. and its employees with a paint and body shop that was properly ventilated. Defendant moved for summary judgment on the ground that defendant was immune from suit under the Worker's Compensation Act. The court granted summary judgment for defendant, stating "[o]ur Law Court has always taken an expansive view, rather than a restrictive view, of the scope of the immunity afforded under the Worker's Compensation Act." This appeal followed.

In reviewing a grant of summary judgment, "we examine the entire record to determine whether it supports the Superior Court's conclusion that there is no genuine issue as to any material fact and that the [defendant] is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56(c). We view all evidence 'in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence.'" *Levesque v. Chan*, 569 A.2d 600, 601 (Me.1990) (quoting *Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983)).

The Maine Worker's Compensation Act exempts the employer "who has secured the payment of compensation ..." from civil actions either at common law or otherwise involving injuries sustained by an employee "arising out of or in the course of" his or her employment. 39 M.R.S.A. § 4 (1989). In 1979, the exemption from ac-

tions was extended to include "all employees, supervisors, officers, and directors of the employer for any personal injuries arising out of and in the course of employment." *Id.* The Act preserves actions an injured worker may have against third party tortfeasors. 39 M.R.S.A. § 68 (1989).

Whether the immunity provided by section 4 extends to an officer or fellow employee when that person is acting in a separate and distinct capacity has not previously been presented in Maine. Our analysis must begin with the basic proposition that a corporation is a separate legal entity. *Anderson v. Kennebec River Pulp and Paper,* 433 A.2d 752, 756 n. 5 (Me. 1981). Under Maine law, a corporation has the power to sue or be sued, lease or own property, and employ people to carry out its business. 13–A M.R.S.A. § 202 (1981). One of the principal benefits offered by the corporate form of organization is limited liability for shareholders. *Id.* § 509(1). Courts uphold limited liability and pierce the corporate veil only if the corporate form is used fraudulently or illegally. *Bonnar–Vawter, Inc. v. Johnson,* 157 Me. 380, 173 A.2d 141, 145 (1961); *Brennan v. Saco Constr., Inc.,* 381 A.2d 656, 662 (Me. 1978); *see also Frost v. Drew,* 586 A.2d 1242 (Me 1991) (maintaining separateness of corporation from co-defendant who was the corporation's sole shareholder, director, officer with whom plaintiffs dealt exclusively).

Conversely, we do not ignore the corporate entity in order to allow a shareholder to avoid the burdens of incorporation. *See Maine Aviation Corp. v. Johnson,* 160 Me. 1, 196 A.2d 748, 750 (1964); *Bonnar–Vawter, Inc.,* 173 A.2d at 146 (Me.1961). "In general, the veil that protects a corporate principal from liability for business debts of the corporation, including the obligation to provide workers' compensation benefits, also precludes that principal from claiming the immunity of the corporation from liability in negligence to an injured employee. Incorporation carries benefits as well as burdens; one cannot claim the benefits without the burdens." *Lyon v. Barrett,* 89 N.J. 294, 445 A.2d 1153, 1158 (1982).

Here, the employer who secured payment of benefits for plaintiff, Crepeau Motors, Inc., is immune from any civil action. Plaintiff's exclusive remedy against Crepeau Motors, Inc. is worker's compensation. Likewise, plaintiff cannot sue defendant in any capacity that was related to defendant's employment or association with Crepeau Motors, Inc as employee or officer. Defendant, however, was not sued in his capacity as employee or corporate officer. Rather, he was sued individually as the owner of premises he leased to a separate corporate entity, solely for failure to conform to an alleged legal duty on the part of a landlord to assure the safety of the premises.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.