**Theodore L. HATCH**

v.

**The LIDO COMPANY OF NEW ENGLAND**

**and**

**William Pescosolido.**

Supreme Judicial Court of Maine.

Argued April 28, 1992.

Decided June 11, 1992.

Grover Alexander (orally), Gray, for plaintiff.

Gregory R. Smith (orally), Norman, Hanson & DeTroy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN and CLIFFORD, JJ.

WATHEN, Chief Justice.

Defendants, The Lido Company of New England, Inc., (the employer) and its president, William Pescosolido, seek review of an order of the Superior Court (Cumberland County, *Cole, J.*) denying their motion for summary judgment in an action brought by their employee, Theodore L. Hatch, for injuries he sustained in the workplace. The court invoked the "dual persona" doctrine and ruled that even though the employer had secured worker's compensation payments and was immune from suit in its capacity as employer, it

remained subject to suit in its capacity as successor to a merged corporation that once owned and controlled the premises. We reject the court's reasoning and vacate the judgment.

T–M Oil Co., Inc. (T–M), owned and operated a gas station in Gorham until 1977, when it merged with six other companies and became part of The Lido Company of New England, Inc. (Lido). As a result of the merger, Lido assumed T–M's liabilities pursuant to 13–A M.R.S.A. § 905(2)(E) (1981).[1] William Pescosolido was T–M's president from 1971 until the merger, when he became Lido's chief executive officer. Hatch was later hired by Lido to work at the Gorham gas station.

In 1981, Hatch was injured when fumes from a leaking gas tank seeped into the basement of the station and exploded. Hatch received workers' compensation benefits including a lump sum settlement from Lido's insurer pursuant to the Maine Workers' Compensation Act.

In 1987, Hatch sued T–M, Lido, Pescosolido, and eight other defendants alleging negligence in the installation and maintenance of the tank from which the gas had leaked. T–M, Lido, and Pescosolido moved for summary judgment claiming immunity under the Maine Workers' Compensation Act. The court granted the motion in favor of T–M on the ground that T–M did not exist as a separate entity after the merger. Because T–M had never employed Hatch and was not exempt from suit, the court denied the motion as to Lido and Pescosolido as its successor and former president respectively. Subsequently, the Superior Court granted defendants' motion to report the interlocutory ruling pursuant to M.R.Civ.P. 72(c).

Employers who secure payment of workers' compensation in accordance with the Workers' Compensation Act are "exempt from civil actions ... involving personal injuries sustained by an employee arising out of and in the course of his employment...." 39 M.R.S.A. § 4 (1989 & Supp. 1991). The exemption is extended to "employees, supervisors, officers and directors of the employer," 39 M.R.S.A. § 4, but does not extend to third-parties "other than the employer" who are liable for damages resulting from the injury. 39 M.R.S.A. § 68 (1989). If the injured employee is successful in suing liable third-parties, the employer is entitled to reimbursement of amounts paid to the injured employee. *Id.*

■ The exemption is part and parcel of the compact constructed by the legislature whereby "the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts." 2A A. Larson, *The Law of Workmen's Compensation* § 72.22 (1989); *see also Beverage v. Cumberland Farms Northern, Inc.,* 502 A.2d 486, 489 (Me.1985). Officers of the employer are parties to this compromise and are entitled to the protection of the exemption, but third parties are not. Under the dual persona doctrine, however, an otherwise exempt employer (or officer) may become liable to suit *as a third party* "if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes [the employer] as a separate legal person." *Id.* § 72.-81. According to Larson, the dual persona doctrine applies only when "the second set of obligations [are] independent of the defendant's obligations as an employer.... [I]t must be possible to say that the duty arose *solely* from the *non-employer* persona...." *Id.* § 72.81(c), at 14–242—14–243. The duties "must be totally separate from and unrelated to those of the employment." *Id.* § 72.81, at 14–243.

■ In *LaBelle v. Crepeau,* 593 A.2d 653 (Me.1991), we followed Larson's duty-based analysis and permitted suit to be brought against the employer's president

---

**1.** 13–A M.R.S.A. § 905(2)(E) states in relevant part:

When such merger or consolidation has been effected:

....

The surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the participating corporations....

and major shareholder in his separate and individual capacity as landlord of allegedly unsafe premises leased to the employing corporation. In the present case, however, plaintiff's claim against Lido as successor to T–M is premised on a breach of the identical duty owed to him by Lido as his employer—the failure of an employer to provide a safe workplace. There is no separate and unrelated duty here nor is there any independent persona. To allow a resulting corporation to be held liable in this case would be the equivalent of upholding common law liability for workplace injuries caused by a condition on the premises that came into existence before the particular employee was hired. We recognize that there is a split of authority on this issue. *See generally* 2A A. *Larson, supra,* § 72.-81(b) n. 13. We are unable, however, to accept the argument that when dealing with an identical duty, the legislature intended the statutory process of merger to strip the resulting corporation of the immunity conferred on it by the Workers' Compensation Act. Such a result serves no purpose other than to avoid the limitations imposed by the Act.

The entry is:

Judgment vacated. Remanded to Superior Court for entry of judgment in favor of defendants The Lido Company of New England, Inc., and William Pescosolido.

All concurring.