**Brian QUINN**

v.

**Eleanor DiPIETRO.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 9, 1994.

Decided May 31, 1994.

Steven Kommel, Law Offices of Steven Kommel, Portland, for plaintiff.

James D. Poliquin, Norman, Hanson & DeTroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

Eleanor DiPietro appeals from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) holding that her status as *de facto* co-owner of a market did not entitle her to immunity from suit pursuant to 39 M.R.S.A. § 4 (1989)[1] for injuries sustained by a market employee. She contends

---

1. The statute provides in pertinent part that "[a]n employer who has secured the payment of com-

pensation ... is exempt from civil actions ... involving personal injuries sustained by an em-

that the trial court erred in applying the dual capacity doctrine because it found that she maintained separate personae as employer and as co-owner of the premises. We agree and vacate the judgment.

In June 1990 Brian Quinn sustained a personal injury arising out of and in the course of his employment with DiPietro's Market, an unincorporated business run by DiPietro and her husband, located in a building owned by them. Although Quinn received workers' compensation benefits in connection with the injury, he filed a complaint against DiPietro, as co-owner, claiming a breach of duty to maintain safe premises. After a bifurcated trial of the employer immunity issue, the court found that DiPietro was a co-owner in fact of the market and that she and her husband kept their real estate "reasonably separate" from the market. The court concluded that the workers' compensation statute did not shield DiPietro from common law tort liability.

■ There was no clear error in the trial court's factual finding that DiPietro was in fact a co-owner of the market. *Morin Bldg. Prod. Co. v. Atlantic Design and Constr. Co.,* 615 A.2d 239, 241 (Me.1992). If the court erred in admitting her husband's testimony as to joint ownership, which conflicted with the market's certificate of sole proprietorship and may have violated 31 M.R.S.A. § 3 (1978), that error was harmless. The husband's testimony was cumulative and did not affect the judgment. M.R.Civ.P. 61; *cf. State v. True,* 438 A.2d 460, 467 (Me.1981).

■ The court erred, however, in determining that DiPietro could be sued under the dual capacity or dual persona doctrine. The doctrine, which arises out of products liability law,[2] provides:

"An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely unrelated to his status as employer that by established standards the law recognizes it as a separate legal person". ... The dual capacity doctrine does not destroy the theoretical superstructure of workmen's compensation. ... The dual capacity doctrine merely allows the employee to sue his employer where the employer-employee relationship does not exist because the employer is acting in a second persona unrelated to his status as employer.

*Vilanova v. United States,* 851 F.2d 1, 6–7 (1st Cir.1988), *cert. denied,* 488 U.S. 1016, 109 S.Ct. 811, 102 L.Ed.2d 801 (1989) (quoting *Wright v. United States,* 717 F.2d 254, 259 (6th Cir.1983)).

■ We have previously applied the doctrine in a case in which the employer was a discrete legal entity from the landlord. *See LaBelle v. Crepeau,* 593 A.2d 653 (Me.1991) (employer was corporation in which defendant landlord was majority shareholder and officer). The decision in *LaBelle* was predicated on "the basic proposition that a corporation is a separate legal entity ... [with] the power to sue and be sued, lease or own property, and employ people to carry out its business." *Id.* at 655. The critical distinction in *LaBelle,* the existence of two entirely separate legal entities, is missing in DiPietro's case and we decline to extend the doctrine on the basis of the employer's mere ownership of property. *See* 2A Arthur Larson, *Workmen's Compensation Law* § 72.82

ployee arising out of and in the course of his employment." 39 M.R.S.A. § 4, *replaced by* 39–A M.R.S.A. § 104 (Supp.1993). No material change was made in the immunity provision.

**2.** One treatise explains:
Generally, the rule has been applied to cases in which the employee has been injured at work by the use of a product that the employer manufactured for public distribution, or in which the employer has stepped out of his role

as employer by providing medical care to the employee. In this regard, courts applying the dual capacity doctrine have attempted to distinguish products manufactured by the employer solely for its own use, to which the doctrine has been deemed inapplicable, from those products sold to the general public, to which the doctrine has been applied.
82 Am.Jur.2d *Workers' Compensation* § 67 (1992).

(1992); *Sharp v. Gallagher,* 95 Ill.2d 322, 69 Ill.Dec. 351, 353, 447 N.E.2d 786, 788 (1983). The proper test for determining whether the doctrine applies is not whether a separate legal theory of liability can be brought against the same legal person as the employer, but rather whether the controversy involved separate legal personae. *See, e.g., Sharp,* 69 Ill.Dec. at 353, 447 N.E.2d at 788; *Incandela v. Giannini,* 250 Ill.App.3d 23, 189 Ill.Dec. 143, 619 N.E.2d 844, 849 (1993) (mere ownership of premises does not trigger employer's liability in tort); *see generally* 23 A.L.R.4th 1151 § 5 (1983 & Supp.1993).

The evidence does not support the court's finding that DiPietro maintained a separate legal persona. *Morin,* 615 A.2d at 241. The court erred in concluding that DiPietro's status as co-owner of the building was so completely unrelated to her status as employer that by established legal standards it constitutes a separate legal person with completely unrelated obligations. *Estate of Hardy,* 609 A.2d 1162, 1163 (Me.1992); *see also Vilanova,* 851 F.2d at 6–7; 82 Am.Jur.2d *Workers' Compensation* § 68 (1992) ("an unincorporated business does not constitute a separate legal identity for purposes of the rule").

The entry is:

Judgment vacated.

Remanded with direction to enter a judgment of dismissal.

All concurring.