STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-157
*TDW-CUM 4/19/2013*

JOEL HAMEL,

Plaintiff

v.

BERLIN MILLS LLC,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 19 2013

**RECEIVED**

ORDER

Before the court is a motion by defendant Berlin Mills LLC for summary judgment.

Plaintiff Joel Hamel is an employee of Gowen Marine who was injured on property leased by Berlin Mills to Gowen Marine. He is suing Berlin Mills, alleging that Berlin Mills, as the owner of the premises where he was injured, was a possessor of the land who is liable to him for physical harm caused by a condition on the premises.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

The dispositive issue for purposes of this motion is whether Hamel has offered sufficient evidence to create a factual dispute for trial as to whether Berlin Mills controlled the premises where Hamel was injured. The statements of material facts establish that Hamel fell from a pier while assisting in the launching of a large boat. Defendant's Statement of Material Facts (SMF) dated October 2, 2012 ¶ 5 (admitted). Hamel states that he was injured after falling from the unguarded edge of a wharf. Plaintiff's Opposing SMF dated February 1, 2013 ¶ 1.[1]

There is no dispute that Berlin Mills had leased the premises where Hamel was injured to Gowen Marine. See Defendant's October 2, 2012 SMF ¶ 7 (admitted); Schmader Affidavit ¶ 7; Lease annexed as Exhibit 1 to the Schmader Affidavit. Exhibit A to the lease describes the leased premises as including 5,036 square feet of office space, 45, 526 square feet of wharf area located behind the building, and 2 piers.

With three specific exceptions, a landlord is not liable for injuries caused by defective conditions in areas that are within the exclusive possession and control of the lessee. Benham v. Morton & Furbish Agency, 2007 ME 83 ¶ 15, 929 A.2d 471. The three exceptions are that the landlord may be found liable (1) if it fails to disclose the existence of a latent defect, (2) if it gratuitously undertakes to make repairs, or (3) if it expressly agrees to maintain the premises in good repair. Chiu v. City of Portland, 2002 ME 8 ¶ 11, 788 A.2d 183.

---

[1] The parties essentially agree the danger of falling from a pier or wharf where no railing exists is a known or obvious danger. See Hamel Dep. 31, 36. However, Hamel contends that, assuming that Berlin Mills was the possessor of the premises, it should have anticipated that the dangerous condition could cause harm to a person in Hamel's position despite its obviousness. See Restatement 2d Torts § 343A. In light of the court's ruling on the issue of whether Berlin Mills controlled the premises, the court does not have to decide whether there is a factual dispute for trial on that issue.

2

In this case Hamel does not argue that any of the three exceptions are applicable. Instead, Hamel argues that there is a factual dispute as to whether the premises were under Gowen Marine's exclusive control. Hamel bases this argument on certain provisions of the lease between Berlin Mills and Gowen Marine and on the common ownership of Berlin Mills and Gowen Marine.

None of the lease provisions cited by Hamel, see Plaintiff's February 1, 2013 SMF ¶¶ 17(a) – (k), create a factual dispute as to whether Berlin Mills retained possession or control of the premises where Hamel was injured. Almost all are standard lease provisions that relate to the parties' respective property interests rather than to the landlord's exercise of control over the leased premises. See, e.g., Lease Art. IX, XIII (lessee not permitted to make structural alterations without landlord's consent and may not assign lease or sublet premises without landlord's consent).

While there are a few provisions in the lease that grant Berlin Mills certain rights, none of those provisions relates in any way to the wharf or pier area where Hamel was injured. Thus, while Berlin Mills retained certain rights to install and maintain signs on the exterior or interior of the building (Lease Art. VII), the injury to Hamel occurred on the wharf or pier and did not involve the installation or maintenance of any signs by Berlin Mills or by Gowen Marine. With respect to the wharf and pier areas, Gowen Marine enjoyed an unrestricted right of quiet enjoyment (see Lease Art. XXI).

The relevant Law Court cases considering the question of whether a landlord has retained control over certain aspects of the premises have consistently focused on whether the landlord retained control over the specific areas where the dangerous condition existed and the injury occurred. E.g., Chiu v. City of Portland, 2002 ME 8 (addressing whether landlord retained control over exterior of window through which plaintiff fell); Rodrigue v. Rodrigue, 1997 ME 99 (addressing whether landlord retained

3

control over cellar stairs where plaintiff fell); Hankard v. Beal, 543 A.2d 1376 (Me. 1988) (landlord retained the right to enter and plow snow from the parking lot where plaintiff was injured). In this case the lease transferred "a possessory interest" in the wharf and piers to Gowen Marine, see Benham v. Morton & Furbish Agency, 2007 ME 83 ¶ 17, and nothing in the lease retained any control over the wharf or pier area where Hamel was injured.

Hamel also argues that Berlin Mills retained control over the premises because Joseph Schmader is the owner of both Berlin Mills and Gowen Marine and signed the lease in his capacity as the Managing Partner of Berlin Mills and as President of Gowen Marine. Schmader's office is located in the Gowen Marine building and, pursuant to an agreement between the two companies, Gowen Marine employees perform secretarial duties on behalf of Berlin Mills. See Plaintiff's February 1, 2013 SMF ¶¶ 3, 16, 18, 19.

This might create a factual dispute as to whether Berlin Mills has exercised control over the office area, where work is performed for both Berlin Mills and Gowen Marine, but it does not create any factual dispute as to whether Berlin Mills exercised control over the wharf or pier area where Hamel was injured. As demonstrated by the cases cited above, the question of whether a landlord has exercised control over leased or common areas focuses on the specific area where the dangerous condition is alleged to have existed. A landlord who may exercise shared control of an office area is not liable for a condition existing down on a dock that is in the exclusive possession and control of the tenant.

The remaining question is whether the common ownership of Berlin Mills and Gowen Marine is itself sufficient to create a factual dispute for trial as to whether Berlin Mills was in control of the premises for purposes of liability. In this connection, it is notable that Hamel has not raised any argument that the corporate veil between Berlin

4

Mills and Gowen Marine should be pierced or that Berlin Mills is misusing its corporate form.

Gowen Marine has not been sued in this action and almost certainly can assert workers compensation immunity. Regardless of Schmader's common ownership of Berlin Mills and Gowen Marine, Berlin Mills cannot benefit from Gowen Marine's workers compensation immunity. LaBelle v. Crepeau, 593 A.2d 653, 655 (Me. 1991). In this case, however, Berlin Mills is not seeking to assert immunity under the workers compensation law. Nothing in the LaBelle decision suggests that, where a lessor does not control the portion of the leased area where an employee was injured, the lessor will nevertheless be subject to liability if there is common ownership.

Indeed, Labelle upholds the principle that a separate corporate form will be honored and that the corporate veil will only be pierced if the corporate form is used fraudulently or illegally. 593 A.2d at 655.[2] As a result, the common ownership of Berlin Mills and Gowen Marine does not generate a disputed issue for trial as to whether Berlin Mills was in control of the premises where Hamel was injured.

The entry shall be:

Defendant's motion for summary judgment dismissing the complaint is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April / 9,-2013

_____
Thomas D. Warren
Justice, Superior Court

---

[2] If Berlin Mills and Gowen Marine were not separate legal entities, then Berlin Mills might be able to claim workers compensation immunity. See Quinn v. DiPietro, 642 A.2d 1335, 1336-37 (Me. 1994).

5

JOEL HAMEL VS THE BERLIN MILLS LLC
UTN:AOCSsr  -2012-0030401

CASE #:PORSC-CV-2012-00157

---

01 0000003096        BLOOM, BARRI

| 465 CONGRESS STREET PO BOX 9545 PORTLAND ME 04112-9545 | | | |
|---|---|---|---|
| F | THE BERLIN MILLS LLC | DEF | RTND | 06/27/2012 |
| F | BERLIN MILLS WHARF ASSOCIATES | DEF | RTND | 06/27/2012 |

02 0000002484        MACADAM, JAMES J

| 208 FORE STREET PORTLAND ME 04101 | | | |
|---|---|---|---|
| F | JOEL HAMEL | PL | RTND | 03/29/2012 |