MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 99
Docket:      Ken-17-484
Argued:      May 16, 2018
Decided:     July 17, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

CHAUNCEY W. CLARK

v.

BENTON, LLC

MEAD, J.

[¶1]  Benton, LLC, appeals from the Superior Court's (Kennebec County, *Stokes, J.)* order denying its motion for summary judgment and rejecting its claim that section 104 of the Maine Workers' Compensation Act of 1992 (the Act), 39-A M.R.S. § 104 (2017), provides it with immunity from Chauncey W. Clark's negligence suit for injuries sustained on its property in Benton, Maine.  Benton, LLC, argues that once Hammond Lumber Company, Clark's actual employer, secured workers' compensation for Clark's injuries and lost wages, section 104 of the Act immunized Hammond Lumber Company and Benton, LLC, from Clark's negligence action because these entities are functionally one and the same.  Benton, LLC, reasons that an extension of our dual persona doctrine regarding the scope of the Act's immunity and exclusivity

2

provisions provides it with immunity from Clark's suit as a matter of law. We disagree and affirm the judgment.

## I. BACKGROUND

[¶2] "The following facts, viewed in the light most favorable to [Clark], are drawn from the statements of material facts and, except where otherwise indicated, are undisputed." *Deschenes v. City of Sanford*, 2016 ME 56, ¶ 3, 137 A.3d 198.

[¶3] In 2012, Donald Hammond created and became the sole member of Benton, LLC, a Maine limited liability company. At that time, he was the president of Hammond Lumber Company, a Maine corporation; he is currently that company's vice president. Benton, LLC, was formed, according to its annual reports, for the purpose of "owning and operating real estate." Michael Hammond, the current president of Hammond Lumber Company, states in an affidavit that Benton, LLC, was formed by his company as one of the so-called "Hammond Lumber LLCs," with a purpose "to purchase at auction, using funds provided by Donald Hammond, and own the assets of a company that had gone out of business called Benton Hardwood Lumber."[1]

---

[1] In his responsive submissions, Clark rejects the notion that Hammond Lumber Company formed Benton, LLC, relying on organizational documents that list Donald Hammond as the sole member of Benton, LLC.

[¶4]  Hammond Lumber Company does not own the real estate on which its stores that were acquired after 1989 are located.  Each of those parcels "is owned by a distinct limited liability company" (a Hammond Lumber LLC).  Hammond Lumber Company directs all of the operations of the LLCs, and one of the Hammond shareholders owns each LLC.  The LLCs, including Benton, LLC, have no independent business or employees.

[¶5]  In 2009, Hammond Lumber Company hired Clark as a yard worker.  On February 12, 2015, Clark and his manager from the Hammond Lumber Company store in Fairfield visited the property owned by Benton, LLC, which contains buildings that Hammond Lumber Company maintained.  Clark's manager identified the rooftops of the buildings from which Clark was to remove snow.  The following day, Clark returned with a number of his coworkers and, while clearing snow, fell through a skylight on one of the buildings and sustained significant injuries.  Clark filed a worker's compensation claim, and Hammond Lumber Company, through its insurance carrier, paid the claim in accordance with the Workers' Compensation Act.

[¶6]  On May 8, 2017, Clark filed a complaint alleging three negligence claims against Benton, LLC, for its failure to (1) properly maintain the property; (2) provide premises reasonably safe for his work; and (3) warn him of

4

dangerous conditions that Benton, LLC, knew or should have known existed. After it filed its answer, Benton, LLC, moved for summary judgment on all counts, asserting that, once Hammond Lumber Company secured compensation for Clark's injuries and lost wages, it was immune from the negligence suit.

[¶7]  Clark argued that summary judgment proceedings were premature pursuant to M.R. Civ. P. 56(f), because Clark had conducted no substantive discovery to test the truth of the assertions of material facts by Benton, LLC.  On August 15, 2017, Clark moved to amend his complaint by adding six negligence claims against Donald Hammond personally, as sole owner and member of Benton, LLC.  On October 10, 2017, the court denied the motion for summary judgment, which rendered moot Clark's pending Rule 56(f) motion, and also denied Clark's motion to amend his complaint.  Benton, LLC, filed this timely appeal.[2]  M.R. App. P. 2B(c).

---

[2]  The parties do not question whether this appeal is justiciable, despite the fact that an order denying a summary judgment motion is ordinarily deemed interlocutory and not immediately reviewable absent an applicable exception to the final judgment rule.  *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 14, 881 A.2d 1138.  If Benton, LLC, is entitled to immunity, then the trial court's order denying summary judgment would irreparably deprive Benton, LLC, of a "substantial right" because we have recognized that statutory immunity from suit is such a right.  *Andrews v. Dep't of Envtl. Prot.*, 1998 ME 198, ¶¶ 3-5, 716 A.2d 212; *see Marcoux*, 2005 ME 107, ¶ 14, 881 A.2d 1138.  Thus, this appeal satisfies the requirements of the death knell exception.

## II. DISCUSSION

[¶8] Benton, LLC, contends that the Act's definition of "employer" is ambiguous and does not resolve the issue of whether it may qualify for immunity as an employer pursuant to 39-A M.R.S. § 104. 39-A M.R.S. § 102(12) (2017). According to Clark, the meaning of "employer," as provided by the Act, is unambiguous and Benton, LLC, does not qualify because it has no employees. *See* 39-A M.R.S. § 102(12) (2017). We interpret de novo a statutory definition "by first examining its plain meaning," and "[o]nly when . . . a statute is ambiguous do we look beyond the plain language of the statue and the context of the whole statutory scheme to indicia of legislative intent. . . ." *Fuhrmann v. Staples Office Superstore E., Inc.*, 2012 ME 135, ¶ 23, 58 A.3d 1083 (quotation marks omitted). We also review de novo an order denying summary judgment, "viewing the evidence in the light most favorable to the nonmoving party" to determine if on the undisputed facts the movant is entitled to judgment as a matter of law. *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 5, 881 A.2d 1138; *Andrews v. Dep't of Envtl. Prot.*, 1998 ME 198, ¶ 10, 716 A.2d 212. We first turn to the issue of whether an entity with no employees may come within the Act's definition of "employer."

6

A.      The Maine Workers' Compensation Act's Definition of "Employer"

[¶9]  Pursuant to 39-A M.R.S. § 102(12), "[t]he term 'employer' includes: Private employers; The State; Counties; Cities; Towns; Water districts and all other quasi-public corporations of a similar nature; Municipal school committees; and Design professionals."  Supplementing that illustrative definition is the term's plain meaning: "one who controls and directs a worker under an express or implied contract of hire and who pays the worker's salary or wages."  *Employer*, Black's Law Dictionary (10th ed. 2014).  The plain language of the Act's definition of "employer," taken alone, would lead to a conclusion that an entity cannot be an "employer" if it does not have even a single employee.

[¶10]  The same conclusion is apparent when considering Clark's perspective of whether an employment relationship existed between himself and Benton, LLC.  The Act, in relevant part, broadly defines an "employee" as "every person in the service of another under any contract of hire, express or implied, oral or written."  39-A M.R.S. § 102(11)(A) (2017).  There is no dispute that Clark was not in the service of Benton, LLC, except by Hammond Lumber Company's express directive, nor did he have "any contract of hire" with

Benton, LLC.  *Id.*  Again, a plain reading of one of the Act's definitions leads to a conclusion that Clark was not an employee of Benton, LLC.

[¶11]   We have held, however, that in certain cases the immunity afforded by section 104 might extend to a defendant landowner that is affiliated with an employer.  Our inquiry in those cases has centered upon whether the landowner's "duties are totally separate from [the employer entity's] duties as employer."  *Peavey v. Taylor*, 637 A.2d 449, 451 (Me. 1994) (quotation marks omitted); *see LaBelle v. Crepeau*, 593 A.2d 653, 655 (Me. 1991).  In those cases, our focus was on the nature of the duties that the employer and its affiliates owed to the plaintiff, not whether the affiliated entity that sought immunity had any employees.  *See Peavey*, 637 A.2d at 451.  For instance, in *LaBelle* the scope of the immunity of a landlord, who was also an officer of the employer, turned upon the separate nature of his duty to the plaintiff as a landlord, not upon whether the landlord's business had any employees.  593 A.2d at 654-55.

[¶12]   As noted by the trial court and Benton, LLC, we have not had occasion to decide this precise issue concerning the scope of the Act's immunity with regard to employers and related entities such as Benton, LLC.  We now hold that a property-owning entity is not afforded immunity by the Act by the simple facts that one of its officers is also an officer in the entity that employs

the injured person, the employer has secured compensation according to the Act for the injured person, and the property-owning entity allows the employer to use its premises for its business purposes. As we will explain, this result is consistent with the dual persona doctrine.

B.    The Dual Persona Doctrine

[¶13]    Clark and Benton, LLC, dispute whether Hammond Lumber Company's unquestioned immunity from suit pursuant to section 104, which resulted from Hammond Lumber Company having secured payment of Clark's worker compensation claim, extends as a matter of law to Benton, LLC, according to the dual persona doctrine, discussed *infra* ¶¶ 14-18. *See Peavey*, 637 A.2d at 451; *LaBelle*, 593 A.2d at 654-55. The Act mandates that "[a]n employer is liable . . . if personal injury is caused to an employee, who, at the time of the injury, is in the exercise of due care." 39-A M.R.S. § 901 (2017). Title 39-A M.R.S. §§ 104, 107, 901, and 908 (2017) make up the foundations "of the compact constructed by the [L]egislature whereby the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts." *Hatch v. Lido Co.*, 609 A.2d 1155, 1156 (Me. 1992) (quotation marks omitted).

[¶14] We have applied the dual persona doctrine as an exception to the immunity afforded by the Act to a defendant employer or corporate officer. *See id.* at 1156-57. In applying that doctrine, we held in *Hatch* that "an otherwise exempt employer (or officer) may become liable to suit *as a third party* 'if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes the employer as a separate legal person.'" *Id.* at 1156 (alteration omitted) (quoting Larson, *The Law of Workmen's Compensation* § 72.81 (1989)).

[¶15] Emphasizing the doctrine's inquiry into whether the employer claiming immunity owed the plaintiff any duties "totally separate from and unrelated to those of the employment," *id.* (quotation marks omitted), Benton, LLC, asserts that it does not owe Clark any such duties because "Clark's claims against [it] arise out of the identical duty of care that Hammond Lumber Company owed to Clark with respect to his work at the Property." Benton, LLC, ignores the doctrine's first inquiry into whether the entity in question is "an otherwise exempt employer." *Id.* Its argument stands the dual persona doctrine on its head and invites us to create new law that would expand the scope of Hammond Lumber Company's immunity, disregarding that doctrine's

widely understood function as an *exception* to the employer immunity provisions of workers' compensation statutes. *See Peavey*, 637 A.2d at 451; *Hatch*, 609 A.2d at 1156. We decline that invitation.

[¶16] The attempt by Benton, LLC, to cast its duty to Clark as identical to the workers' compensation obligations of Hammond Lumber Company and its reliance on *Hatch* and *Peavey* are to no avail. As Benton, LLC, recognizes, the defendant in *Hatch* was the plaintiff's actual employer, 609 A.2d at 1155-56, and in *Peavey*, the defendant was an officer and landlord of the employer, 637 A.2d at 449-50. Distinguishing the instant case, there is no employment relationship between Benton, LLC, and Clark. Benton, LLC, is neither Clark's employer nor an officer or a shareholder of Hammond Lumber Company. Rather, Benton, LLC, is a legally separate entity from Hammond Lumber Company, with separate duties as a property owner. *See LaBelle*, 593 A.2d at 655. Hammond Lumber Company and Benton, LLC, do have in common one shareholder, and Hammond Lumber Company possibly contributes towards the operating expenses of Benton, LLC.[3] Benton, LLC, and Hammond Lumber

---

[3] Clark's response to the statement of material facts by Benton, LLC, denied that Hammond Lumber Company was legally answerable for paying the operating expenses of Benton, LLC. Clark asserted an inability to admit or deny that Hammond Lumber Company had paid the expenses for maintenance, electricity, and real estate taxes associated with the property. He admitted, for the purposes of summary judgment, that Hammond Lumber Company paid to insure Benton, LLC. Even if all of the above facts were undisputed, Benton, LLC, cannot establish its claim to immunity under any applicable doctrine. *See* Alexander, *Maine Appellate Practice* § 304 at 226 (4th ed. 2013) ("For

Company are connected with each other, but not in any way that alters their separate and distinct obligations to Clark. *See id.*

[¶17] Furthermore, our decision in *LaBelle*—holding that the defendant landowner was not immune—strongly suggests that Benton, LLC, is not immune from Clark's premises liability suit. *See* 593 A.2d at 655. Similar to Clark's cause of action, Labelle's claim sought to recover from the owner of the property leased to his employer after he was injured on that property. *Id.* at 654. The landowner owned 98% of the stock in the same paint and auto body corporation that employed LaBelle, and LaBelle's employer had secured workers' compensation for his injuries. *Id.* at 654-55. We held that the landowner was not afforded immunity by the Act because he "was not sued in his capacity as employee or corporate officer. Rather, he was sued individually as the owner of premises he leased to a separate corporate entity," and for his alleged breach of the duty to assure that those premises were safe. *Id.* at 655; *see also Li v. C.N. Brown Co.*, 645 A.2d 606, 607, 609 (Me. 1994). The same is

---

[us] to reach an issue on an interlocutory appeal, the applicability of the exception to the final judgment rule must be presented as a question of law, not dependent on fact-findings to be made by the trial court.")

12

equally true, if not more so, of Clark's suit and the separate nature of the respective duties of Hammond Lumber Company and Benton, LLC.[4]

[¶18]  Accordingly, the court did not err as a matter of law by holding that the dual persona doctrine's exception to an employer's immunity is inapposite to the assertion of immunity by Benton, LLC, nor did it err by denying the motion for a summary judgment on that ground.[5]  *See Peavey*, 637 A.2d at 451; *LaBelle*, 593 A.2d at 654-55.

[¶19]  Benton, LLC, portrays this case as novel and requiring us to make a logical extension of our dual persona doctrine to equitably resolve the competing interests of the parties here.  Its argument, however, disregards the patent reality that it does not employ Clark or anyone else and contradicts the common understanding that the dual persona doctrine is an exception to the immunity conferred by workers' compensation laws.  We decline the invitation from Benton, LLC, to announce new law that shields an entity superficially

---

[4]  Benton, LLC, essentially argues that we should disregard its and Hammond Lumber's separate corporate forms.  However, "[w]e do not ignore the corporate entity in order to allow a shareholder to avoid the burdens of incorporation."  *LaBelle v. Crepeau*, 593 A.2d 653, 654-55 (Me. 1991).  As the court noted in denying Clark's motion to amend his complaint with claims against Donald Hammond personally, the undisputed facts at present do nothing to suggest an abuse of the corporate form sufficient to justify piercing the corporate veil.  *See id.* at 655.

[5]  Benton, LLC, encourages us to consider addressing the economic reality test or alter ego doctrine, which have been adopted by other states, but acknowledges that we have not considered or adopted either of these approaches in the past.  We expressly decline to address this issue and further note that neither the economic reality test nor the alter ego doctrine would likely produce a result conflicting with our decision here.

affiliated to the employer against its independent potential liability as a property owner. Instead, applying *LaBelle v. Crepeau,* 593 A.2d at 654-55, we conclude that Benton, LLC, is not immune from suit pursuant to section 104.

The entry is:

Judgment affirmed.

---

Jonathan W. Brogan, Esq. (orally), and David A. Goldman, Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellant Benton, LLC

William C. Herbert, Esq. (orally), and Christian J. Lewis, Esq., Hardy, Wolf & Downing, P.A., Lewiston, for appellee Chauncey W. Clark

Kennebec County Superior Court docket number CV-2017-101
FOR CLERK REFERENCE ONLY